```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
KAREEM ALI,                         :
                                    :
        Petitioner,                 :   Civ. No. 19-18403 (NLH)
                                    :
    v.                              :   **MEMORANDUM OPINION & ORDER**
                                    :        **DENYING SEAL OF RECORD**
                                    :
                                    :
BRUCE DAVIS,                        :
                                    :
        Respondent.                 :
_____:

APPEARANCE:

Kareem Ali
793553-B
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

    Petitioner Pro se

Jill S. Mayer, Acting Camden County Prosecutor
Maura Murphy Sullivan, Acting Assistant Prosecutor
Office of the County Prosecutor
200 Federal Street
Camden, NJ 08103

    Attorneys for Respondent

HILLMAN, District Judge

    WHEREAS, Petitioner Kareem Ali filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Camden County conviction for first-degree aggravated assault, see ECF No. 1; and

WHEREAS, Respondent filed a motion to seal the habeas proceedings under Local Civil and Criminal Rule 5.3, see ECF No. 12; and

WHEREAS, Respondent asserts "given the confidential nature of the information contained in the record, the privacy owed to the then-child victim, and the fact that the state court record was impounded and/or sealed, respondents urge that the entire habeas record should be sealed pursuant to Local Civil and Criminal Rule 5.3 for purposes of the within habeas corpus proceedings."  ECF No. 12-1 at 5; and

WHEREAS, "[l]ess restrictive alternatives to sealing the entire habeas record are not available because the record respondents submit in support of their motion to dismiss contains references to the victim by initials and the victim's relationship to petitioner, either of which could reveal the victim's identity should it be exposed."  Id. at 8; and

WHEREAS, Respondent also asserts the record of Petitioner's criminal proceedings was impounded by the state courts, and "[f]ailure to seal this habeas record would risk violating New Jersey law."  Id. (citing N.J.S.A. § 2A:82-46(b)); and

WHEREAS, "[i]t is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records.  The public's right of access extends beyond simply the ability to attend open court

proceedings.  Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (internal citations and quotation marks omitted); and

WHEREAS, a party seeking to seal portions of the judicial record from public view bears party "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." Millhouse v. Ebbert, 674 F. App'x 127, 128 (3d Cir. 2017) (per curiam) (internal quotation marks and citations omitted).  This is especially true when a party seeks to seal the entire case from public view; and

WHEREAS, the New Jersey legislature has recognized a public interest in assisting the prosecution of crime by protecting victims' privacy rights.  N.J.S.A. § 52:4B-35 (Crime Victims' Bill of Rights).  Unauthorized disclosure of the identify of minor victims of sex crimes is prohibited.  N.J.S.A. § 2A:82-46(a), (b); and

WHEREAS, without minimizing the minor victim's right to have their privacy protected, that right does not overcome Petitioner's right to a public process on the decision of his

3

habeas petition.  Sealing the entire record would result in sealing orders that have no identifying characteristics; and

WHEREAS, Respondent requests time to submit redacted materials in the event this Court denies the sealing request. ECF No. 12-1 at 6 n.1.  Such a request implies that it is possible to redact identifying information from the record; and

WHEREAS, the Court will deny the motion to seal the entire docket.  However, the Court will keep unredacted documents containing specific identifying information, such as the victim's full name, age, and relationship to Petitioner, under seal; and

WHEREAS, the Court will instruct the Clerk to keep the documents filed as part of the motion to dismiss, ECF No. 11, under a temporary seal; and

WHEREAS, Respondent must file redacted copies of the documents it believes should be kept under seal within 10 days from the date of this order and make arguments as to why those specific documents should remain sealed.  The Court will review Respondent's request and determine whether sealing of those specific documents is warranted.  It will then issue an order lifting the temporary seal on any documents for any document that it determines should remain accessible via the public docket,

THEREFORE, IT IS on this __10th__ day of _June_, 2021

ORDERED that Respondent's motion to seal the entire case, ECF No. 12, is denied; and it is further

ORDERED that the Clerk shall maintain the documents filed at Docket Number 11 under a temporary seal pending further order by the Court; and it is further

ORDERED that Respondent must file redacted copies of the documents it believes should be kept under seal within 10 days from the date of this order along with arguments as to why those specific documents should remain sealed; and it is finally

ORDERED that the Clerk shall send Petitioner a copy of this Order by regular mail.


At Camden, New Jersey                    __s/ Noel L. Hillman__
                                         NOEL L. HILLMAN, U.S.D.J.