UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

KAREEM ALI,

        Petitioner,

    v.

BRUCE DAVIS, et al.,

        Respondents.

---

Civ. No. 19-18403 (NLH)

OPINION

APPEARANCES:

Kareem Ali
793553-B
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

    Petitioner Pro se

Jill S. Mayer, Acting Camden County Prosecutor
Maura Murphy Sullivan, Acting Assistant Prosecutor
Camden County Prosecutor's Office
200 Federal Street
Camden, NJ 08210

    Counsel for Respondent

HILLMAN, District Judge

    Respondent Bruce Davis, Administrator of New Jersey State

Prison, moves to dismiss Kareem Ali's petition for writ of

habeas corpus under 28 U.S.C. § 2254 as time barred.  ECF No.

19.  Petitioner opposes the motion.  ECF Nos. 23 & 24.  For the reasons that follow, the motion to dismiss will be granted.

I.  BACKGROUND

Petitioner pled guilty to first-degree aggravated sexual assault, N.J.S.A. § 2C:14-2A(2)(A), on April 23, 2008.  ECF No. 19-6 at 1.  On July 22, 2008, the trial court sentenced him to 74 years imprisonment subject to an 85% parole disqualifier. Id.  The judgment was amended on October 6, 2008 to change "Community Supervision for Life" to "Parole Supervision for Life."  ECF No. 19-7.  Petitioner filed a motion for reconsideration on October 17, 2008.  ECF No. 19-8.  The trial court denied the motion as untimely on October 20, 2008.  Id.

Petitioner filed an appeal with the New Jersey Superior Court, Appellate Division ("Appellate Division") on May 20, 2009.  ECF No. 19-9.  He also requested the assignment of counsel and to file his appeal as within time.  ECF No. 19-10. The Appellate Division heard the appeal on its excessive sentence oral argument panel and found that the sentence was manifestly excessive and unduly punitive.  State v. Ali, No. A-4887-08 (App. Div. June 28, 2010).  It remanded to the trial court for resentencing.  Id.

The trial court resentenced Petitioner to 50 years with an 85% parole disqualifier on October 22, 2010.  ECF No. 19-13. Petitioner appealed on July 13, 2011.  ECF No. 19-14.  The

2

Appellate Division affirmed the sentence on October 19, 2011. ECF No. 19-15.  The New Jersey Supreme Court denied certification on October 25, 2012.  State v. Ali, 54 A.3d 811 (N.J. 2012); ECF No. 19-18.

Petitioner filed his petition for post-conviction relief ("PCR") on October 15, 2014.  ECF No. 19-19.  The PCR Court conducted an evidentiary hearing and ultimately dismissed the petition as untimely on April 15, 2016.  ECF No. 19-21. Petitioner appealed, ECF No. 19-22, and the Appellate Division affirmed the dismissal based on untimeliness, State v. K.A., No. A-0139-16T1, 2017 WL 5186271 (N.J. Super. Ct. App. Div. Nov. 9, 2017).  The New Jersey Supreme Court denied certification on March 26, 2018.  State v. K.A., 182 A.3d 379 (N.J. 2018) (Table); ECF No. 19-24.

Petitioner submitted a petition under § 2254 on September 22, 2019.  ECF No. 1.  The Court administratively terminated the petition as Petitioner had not paid the filing fee or submitted an in forma pauperis application.  ECF No. 3.  Petitioner submitted an in forma pauperis application, ECF No. 4, which the Court granted, ECF No. 6.  The Court ordered Respondent to answer the petition.  ECF No. 7.

Respondent moved to dismiss the petition as untimely.  ECF No. 10.  It submitted its exhibits under seal, ECF No. 11, and asked the Court to seal the entire case, ECF No. 12.  The Court

3

denied that request but permitted Respondent to file an amended motion.  ECF No. 18.  Respondent filed an amended motion to dismiss containing redacted documents, ECF No. 19, and the Court dismissed the first motion as moot, ECF No. 20.[1]  Petitioner opposes the motion to dismiss.  ECF Nos. 23 & 24.

II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus under § 2254.  See 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

---

[1] The Court permitted the unredacted documents filed as part of the first motion to dismiss, ECF No. 11, to remain under seal. ECF No. 20.  The sealed documents have not been considered as part of the motion to dismiss.

Constitution or laws of the United States is removed, if
the applicant was prevented from filing by such State
action;

(C) the date on which the constitutional right asserted
was initially recognized by the Supreme Court, if the
right has been newly recognized by the Supreme Court and
made retroactively applicable to cases on collateral
review; or

(D) the date on which the factual predicate of the claim
or claims presented could have been discovered through
the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[2]

"[T]he time during which a properly filed application for
State post-conviction or other collateral review with respect to
the pertinent judgment or claim is pending" is excluded from the
one-year statute of limitations.  28 U.S.C. § 2244(d)(2).  "In
determining whether a petition is 'properly filed,' a federal
court 'must look to state law governing when a petition for
collateral relief is properly filed.'"  Douglas v. Horn, 359
F.3d 257, 262 (3d Cir. 2004) (quoting Fahy v. Horn, 240 F.3d
239, 243 (3d Cir. 2001)).

III.  ANALYSIS

The State argues that the § 2254 petition was filed after
the one-year statute of limitations period expired.  ECF No. 19-
1 at 13.  The New Jersey Supreme Court denied certification for

---

[2] Petitioner's conviction became final after AEDPA's April 24,
1996 effective date; therefore, he is subject to its one-year
statute of limitations.

Petitioner's direct appeal on October 25, 2012.  State v. Ali,
54 A.3d 811 (N.J. 2012).  Petitioner had ninety (90) days
beginning on October 26, 2012 to file a petition for writ of
certiorari with the Supreme Court.  Fed. R. Civ. P. 6(a)(1).
That time ended January 23, 2013.[3]  See Gonzalez v. Thaler, 565
U.S. 134, 150 (2012) (holding that if prisoners do not seek
Supreme Court review, "judgment becomes final . . . when the
time for pursuing direct review in this Court, or in state
court, expires").  AEDPA's one-year clock began to run on
January 24, 2013.  Unless some form of tolling applies,
Petitioner's habeas petition was due on January 23, 2014.

A.   Statutory Tolling

    "[T]he time during which a properly filed application for
State post-conviction or other collateral review with respect to
the pertinent judgment or claim is pending" is excluded from the
one-year statute of limitations.  28 U.S.C. § 2244(d)(2).  The
Court considers Petitioner's PCR petition to be filed on October

---

[3] Petitioner stated in his habeas petition that he filed a
petition for certiorari with the Supreme Court.  ECF No. 1 at 4.
However, he listed the docket number of his Appellate Division
case, A-05611-10, and the date on which the New Jersey Supreme
Court denied his petition for certification on direct appeal.
Id.  The Court's review of online legal research databases did
not return a Supreme Court docket associated with Petitioner.
Therefore, the Court concludes Petitioner did not file a
petition for certiorari.

15, 2014.[4]  "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'"  Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004) (quoting Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001)).

Here, the PCR court and the Appellate Division held that Petitioner's PCR petition was filed more than five years after his August 1, 2008 judgment of conviction, making it "procedurally barred as untimely unless the delay was due to defendant's excusable neglect and there is a reasonable probability enforcement of the time-bar would result in a fundamental injustice."  State v. K.A., No. A-0139-16, 2017 WL 5186271, at *4 (N.J. Super. Ct. App. Div. Nov. 9, 2017).  The panel concluded Petitioner had not met this standard.

---

[4] Petitioner submitted his PCR petition on October 3, 2014.  The stamps on the petition indicate it was received by the Clerk's Office on October 15, 2014 and filed on January 13, 2015.  ECF No. 19-19.  "[S]tate law governs when a post-conviction relief petition is 'properly filed' for purposes of tolling AEDPA's statute of limitations.  New Jersey courts have not determined whether to apply the 'prisoner mailbox rule' to PCR petitions."  Alston v. Att'y Gen. of New Jersey, No. 18-10138, 2019 WL 2304664, at *3 (D.N.J. May 30, 2019) (internal citations omitted).  See also Oliver v. Lee, No. A-1669-10, 2012 WL 1414081, at *3 (N.J. Super. Ct. App. Div. Apr. 25, 2012) (declining to determine whether "prisoner mailbox rule" applies to post-conviction relief petitions).  The Appellate Division noted "[o]n October 15, 2014, defendant filed a petition for PCR, and subsequently filed an amended petition for PCR."  State v. K.A., No. A-0139-16, 2017 WL 5186271, at *1 (N.J. Super. Ct. App. Div. Nov. 9, 2017).  Therefore, the Court considers the PCR petition to have been filed on October 15, 2014.

"Defendant fails to provide any facts to show his failure to timely file his [PCR] petition was due to excusable neglect. Defendant admitted he knew well in advance of the five-year deadline he had to file a petition before August 1, 2013." Id. "Defendant claims that after the two paralegals ceased working on his file, another inmate told him he had five years from the date of his resentencing, which was on October 22, 2010, to file a PCR.  However, defendant does not provide any plausible reason why his reliance on the inmate's advice should be deemed excusable." Id.  The New Jersey Supreme Court did not disturb this finding.

"[T]ime limits on postconviction petitions are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.'" Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005) (quoting Artuz v. Bennett, 531 U.S. 4, 8, 11 (2000)) (second alteration in original).  "[T]he AEDPA explicitly directs us to toll the statute of limitations only when a collateral petition for state relief was 'submitted according to the state's procedural requirements, such as the rules governing the time and place of filing.'" Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (quoting Morris v. Horn, 187 F.3d 333, 338 (3d Cir. 1999)).  See also Martin v. Adm'r New Jersey State Prison, ___ F.4th ___, 2022 WL 189809, at *5 (3d Cir. 2022). ("'[T]imely' means an appeal filed in accordance

8

with the state law delineating the period in which a petitioner may appeal following a lower court's adverse determination, before the appeal would be considered belated.").

This Court is bound by the New Jersey courts' decision that Petitioner's PCR petition was untimely.  See Carey v. Saffold, 536 U.S. 214, 226 (2002) ("If the California Supreme Court had clearly ruled that Saffold's 4 ½ month delay was 'unreasonable,' that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits."); Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir. 2003) ("[W]e are bound by the state court's finding that Merritt's second PCRA petition was untimely.").  Because the state courts clearly ruled that Petitioner's PCR petition was untimely, it was not properly filed within the meaning of AEDPA and the statutory tolling provision of § 2244(d)(2) does not apply.  AEDPA's one-year statute of limitations ran uninterrupted from January 23, 2013 to January 23, 2014.[5]  The § 2254 petition is untimely under AEDPA and must be dismissed unless equitable tolling applies.

_____

[5] Since Petitioner did not file his PCR petition until October 15, 2014, his petition would have been untimely under AEDPA even if the state courts had found his petition to be properly filed under state law.

B.  Equitable Tolling

Petitioner does not dispute that his § 2254 petition was submitted after AEDPA's statute of limitation expired;[6] however, he asserts the Court should equitably toll the time and not dismiss his petition.  ECF No. 23 at 3.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Courts "are 'sparing' in our use of the doctrine and do so 'only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice.'"  Martin, ___ F.4th ___, 2022 WL 189809, at *7 (quoting LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005))(alteration in original).

The Court concludes Petitioner has not shown extraordinary circumstances prevented him from filing a timely § 2254 petition.  Petitioner argues:

> After Defendant's final certiorari on Post-Conviction Relief, Defendant gave his complete file back to the paralegal whom had helped him throughout this entire appeals certifications and (PCR) Post-Conviction Relief. There's not one moment when defendant was competent

_____

[6] Petitioner asserted at one point that he submitted a § 2254 petition in June 2018.  ECF No. 17 at 6.  Neither the State nor the Court has any record of a § 2254 petition being filed under Petitioner's name around that date.  ECF No. 19-1 at 9 n.2. This is ultimately irrelevant because a timely § 2254 petition was due in January 2014, well before this alleged "first" § 2254 petition was submitted in 2018.

enough to understand what was the paralegal was talking about when discussing motions in the lower courts, the timeliness issues on first petition for PCR, and the courts sided with the defendant for that the same paralegal had been involved in the defendant's first petition for PCR, defendant was unable to find any additional (ILA) Inmate legal assistance, members because of the nature of my convictions as well as the complexity of defendant's appeals . . . .

ECF No. 23 at 3.  "Under circumstances of this case, there was excusable neglect for [Petitioner's] delay in filing his petition."  Id. at 5.  "Initially, he relied on the mis-advice of a paralegal in the prison system.  He was then placed in quarantine with very limited access to any assistance or other resources."  Id.

Petitioner's argument that the Court should toll the time between the conclusion of his PCR appeal on March 26, 2018 and his submission of his § 2254 petition on September 22, 2019 misses the point; Petitioner must show why he could not file his § 2254 petition by January 23, 2014.  It is not enough for Petitioner to state he relied on prison paralegals' calculation of relevant statutes of limitations.  A "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."  Holland v. Fla., 560 U.S. 631, 651–52 (2010) (internal quotation marks omitted); see also Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) ("Mere excusable neglect is not sufficient." (internal quotation marks omitted)).

Nor does Petitioner's claim that he is mentally incompetent warrant equitable tolling.  "[M]ental incompetence is not a per se reason to toll a statute of limitations." Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) (citing Lake v. Arnold, 232 F.3d 360, 371 (3d Cir. 2000), overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214 (2002).  "[T]o qualify as an extraordinary circumstance, the mental illness must have affected the petitioner's ability to seek relief in some way." Wallace v. Mahanoy, 2 F.4th 133, 144 (3d Cir. 2021).  The burden is on Petitioner to give a particularized description of how his condition adversely affected his capacity to function generally or to pursue his rights specifically.  See Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010).

Petitioner asserts that he has "serious mental incapabilities to actually know right from wrong and the lower court was very much aware of defendants inability to comprehend right and wrong for that he is mentally incapable of doing so." ECF No. 23 at 5.  "[T]he state know[s] this from Petitioner's history throughout his entire life starting and the tender age of eight years old when the Dr.'s and schools deemed petitioner mentally challenged, so he has to rely [solely] on someone else to file all his paperwork read the responses from the courts . . . ."  Id. at 5-6.  Petitioner submitted his individualized

education plan ("IEP") from the Camden City School District in support of his claim.  ECF No. 17 at 18.

Petitioner's alleged inability "to actually know right from wrong" has no relevance to his ability to file a timely habeas petition, nor does the fact that he needs assistance in filing paperwork.  Although Petitioner's IEP describes his reading performance as "significantly below age and grade level expectations," id. at 22, the IEP is for the 1991-1992 school year, decades before the relevant time period.  Moreover, the IEP reflects he had age-appropriate adaptive behavior and self-help skills as well as adequate personal/social adjustment and did not need structured extensive supervision.  Id. at 19. There is no evidence to suggest he has ever been adjudicated incompetent, voluntarily or involuntarily committed, or in need of continuous psychiatric care.  Wallace, 2 F.4th at 144 (citing Champney v. Sec'y DOC, 469 F. App'x 113, 117–18 (3d Cir. 2012)). As the Appellate Division noted, Petitioner "knew well in advance of the five-year deadline he had to file a [PCR] petition before August 1, 2013."  K.A., No. A-0139-16, 2017 WL 5186271, at *4.  It follows that he had the ability to understand there were applicable court deadlines, even if he miscalculated those deadlines after receiving inaccurate advice.

Petitioner has failed to satisfy the "extraordinary circumstance" prong of the analysis.  Thus the Court need not

decide whether Petitioner was reasonably diligent under the circumstances.  Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 256 (2016) ("[W]e have treated the two requirements as distinct elements ... rejecting requests for equitable tolling where a litigant failed to satisfy one without addressing whether he satisfied the other.").

IV.  CERTIFICATE OF APPEALABILITY

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

14

V. CONCLUSION

For the foregoing reasons, the motion to dismiss will be granted.  No certificate of appealability shall issue.

An appropriate order will be entered.


Dated: February 15, 2022          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.